PRUDENTIAL INSURANCE COMPANY OF
AMERICA *v.* CUSICK.

INSURANCE—LIFE—MISREPRESENTATIONS IN APPLICATION—EVIDENCE.
  Decree for defendant beneficiary' under life insurance policy in
    insurer's suit for cancellation for misrepresentations in ap-
    plication following death of insured from brain cancer 5 months
    after issuance of policy is ordered reversed and judgment
    entered for plaintiff, where record on remand shows both the
    beneficiary, mother of the applicant who was present part of the
    time when the application was written up, and the insurer's
    agent who filled in the answers, had died since the original
    hearing in the trial court, rendering it impossible to comply
    with Supreme Court's order that their testimony be taken,
    the issue as to the necessity of taking the testimony of either
    not having been raised at the original hearing.

Appeal from Wayne; Bohn (Theodore R.), J.
Submitted June 6, 1962 (Calendar No. 7, Docket No.
49,057), with decision February 7, 1963, remanding
for additional testimony. Record returned for re-
consideration, November 14, 1963. Decided Febru-
ary 3, 1964.

Bill by Prudential Insurance Company of
America, a New Jersey corporation, against Dorothy
A. Cusick to cancel life insurance policy in which
she was named beneficiary, because of misrepresenta-
tions by the insured. Cross-bill asking payment of
benefits. Decree for defendant. Plaintiff appeals.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur, Insurance §§ 420-422.

Administrator substituted for deceased party defendant. Reversed.

*Dickinson, Wright, McKean & Cudlip (W. Gerald Warren,* of counsel on supplemental brief), for plaintiff.

*Jerry P. D'Avanzo,* for defendant.

UPON REMAND AND RETURN.

BLACK, J.    Refer to *Prudential Insurance Co.* v. *Cusick,* 369 Mich 269.    The result was instructional remand for the taking of designated testimony and for return of such testimony with a supplemental opinion of the trial chancellor (p 292).

The returned record, with transcript of proceedings on remand and the chancellor's supplemental opinion, were filed in our clerk's office November 14, 1963.    They show that the chancellor has carried out our order, so far as the developing circumstances have permitted.    It is certified to us that, since the cause came to original hearing and decree below, both agent Haney and the defendant beneficiary have deceased.    Consequently, no testimony was taken.    The cause is now before us for consideration and entry of final judgment, following receipt of briefs invited by the Court November 18, 1963.

My presently seated Brethren are inclined to view that, since our membership was unaware at former writing of the intervening decease of agent Haney and beneficiary Cusick, our final judgment upon remand and return should be that of reversal.    I am persuaded.    The point, looked upon at this juncture as well taken in view of plaintiff's disclosed inability to comply on remand with the purpose of such remand, is that if the question of unexplained absence from the witness stand of agent Haney had

been raised prior to the latter's death,* plaintiff could have offered proof by the best available evidence of the fraud it claims. Plaintiff at least would have been given the opportunity this Court sought vainly to provide by the aforesaid order of remand.

We conclude in these unforeseen circumstances that the decree below should be reversed, with costs to plaintiff, and that the cause should be remanded for entry of judgment in accordance with the prayer of plaintiff's bill of complaint. It is so ordered.

KAVANAGH, C. J., and SOURIS and SMITH, JJ., concurred with BLACK, J.

DETHMERS and KELLY, JJ., concurred in the result.

O'HARA and ADAMS, JJ., took no part in the decision of this case.

---

* See discussion on pages 280–283 and 285–292 of previous report of the case. The undersigned do not depart from, or retract in any way, what was written with respect to proof of medical fraud by one bearing the burden of proof thereof. Refer specifically to page 291 of such previous report.